IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. MILTON,<br><br>    Plaintiff,<br><br>  v.<br><br>S. HUUBARD; F. JACQUEZ; R. BLIESNER; R. MATHIS;<br><br>    Defendants.              / | No. C 09-4644 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983 against officials at Pelican Bay State Prison ("PBSP"). He has been granted leave to proceed in forma pauperis in a separate order.

### ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff claims that PBSP officials have denied his requests for a Wiccan minister, Wiccan bible and literature, Wiccan "spiritual guidance," and eight annual Wiccan "feasts."[1]  Plaintiff alleges that there are Christian and Catholic chaplains on the PBSP payroll, that the prison has Christian, Jewish, Buddhist and Muslim materials on hand for inmates of those faiths, and that the prison provides kosher, vegetarian and halal meals for Jewish, Buddhist and Muslim inmates.  Plaintiff claims that this amounts to discrimination against him based on his beliefs in the Wiccan religion.

The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts."  *Cruz v.*

---

[1] Plaintiff sometimes refers to his religion as "Wiccan" and sometimes as "pagan".

*Beto*, 405 U.S. 319, 322 (1972) (Buddhist prisoners must be given opportunity to pursue faith comparable to that given Christian prisoners). The court must consider whether "the difference between the defendants' treatment of [the inmate] and their treatment of [other] inmates is 'reasonably related to legitimate penological interests.'" *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).

Although prisoners are entitled to equal protection, this does not mean that PBSP officials must duplicate every religious benefit it provides so that all religions are treated exactly the same. As the Supreme Court explained in *Cruz*:

> We do not suggest . . . that every religious sect or group within a prison--however few in number--must have identical facilities or personnel. A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand. But reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty.

405 U.S. at 322 n.2. Application of the *Cruz* standard does not require "strict numerical analysis" or "create a system of ratios or quotas." *Thompson v. Commonwealth of Ky.*, 712 F.2d 1078, 1081 (6th Cir. 1983) (upholding grant of summary judgment on Muslim inmates' request for access to chapel comparable to Christian inmates). It does require that the prison make a good faith accommodation in light of practical considerations. *Freeman*, 125 F.3d at 737; *Thompson*, 712 F.2d at 1082 (court should scrutinize the prison officials' conduct to determine whether they deliberately discriminated against the minority religion or abused their discretion in distributing the prisons' limited resources).

According to plaintiff, officials have told him that if he found someone to volunteer as a Wiccan minister at the prison, he would be allowed to see them. In addition, plaintiff alleges that prison officials told him that he could have Wiccan written materials if he bought them or obtained them himself, and that the materials of other faiths were donated to the prison by religious organizations. Prison officials offered to help plaintiff write letters seeking such materials, and they in fact mailed letters plaintiff wrote to eight organizations for that purpose. Plaintiff complains that this is not enough, and that the prison should purchase Wiccan materials and pay for a Wiccan minister because plaintiff cannot afford to do so.

3

Under the *Cruz* standard, described above, PBSP officials are required to give plaintiff a "reasonable opportunity" to practice his religion in a manner "comparable" to the other inmates. Even accepting plaintiff's allegations as true, the officials have done so. Plaintiff was informed that if he located a volunteer Wiccan minister, he would be allowed to see him or her. While the prison has a Christian and Catholic chaplain on staff, they are required to hire a chaplain for every faith that an inmate might follow. *See Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993) (prison officials have no duty to provide inmates who adhere to minority religion with clergyman of their choice). In addition, prison officials are not required to buy a Wiccan bible and reading materials; similar materials of other religions were donated to the prison. Prison officials have assisted plaintiff in sending out letters to try to procure a Wiccan bible and reading materials, and informed him that they would accommodate any such materials that were received in the prison. As such, prison officials are not preventing or obstructing his practicing his faith. Lastly, the kosher, halal and vegetarian meals are provided in order to adhere to required religious diets. Plaintiff does not allege that he there is a Wiccan diet that he is being forced to break. Rather, he would like to receive eight annual Wiccan "feasts" because other inmates receive a Christmas and an Easter meal. Under *Cruz*, such strict equivalence is not required. In light of the opportunities afforded to plaintiff to procure a volunteer clergyman and Wiccan reading materials, officials have provided him a reasonable opportunity to observe his religion in a manner comparable to inmates of other religions.

As plaintiff's allegations, even when liberally construed and accepted as true, do not establish a violation of his constitutional rights, the complaint will be dismissed for failure to state a cognizable claim for relief.

//

//

**CONCLUSION**

For the foregoing reasons, the complaint is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October   20  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\MILTON4644.DSM.wpd

5